AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

```
                    FILED          ____ RECEIVED
              ✓     ENTERED        ____ SERVED ON
                                   COUNSEL/PARTIES OF RECORD

                         MAR 1 7 2009

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
              BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA
vs.

BRANDY M. NAFZIGER,

**THE DEFENDANT**:

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER:   3:07-CR-060-BES (RAM)

USM NUMBER:   41290-048

Vito de la Cruz
DEFENDANT'S ATTORNEY

(XX)   pled guilty to count(s)  Four of the Indictment filed July 11, 2007
( )    pled nolo contendere to count(s) _____ which was accepted by the court.
( )    was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Offense Ended | Count |
|---|---|---|---|
| 18:1028A | Aggravated Identity Theft | 12/17/2006 | 4 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( )    The defendant has been found not guilty on count(s) _____
(XX)   Count(s)  One, Two, and Three of the Indictment filed July 11, 2007  (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 10, 2009
Date of Imposition of Judgment

/s/ _____
Signature of Judge

BRIAN E. SANDOVAL, U.S. DISTRICT JUDGE
Name and Title of Judge

March 17, 2009
Date

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 4 - Probation

DEFENDANT: BRANDY M. NAFZIGER  
CASE NUMBER: 3:07-CR-060-BES (RAM)

Judgment - Page 3

## PROBATION

The defendant is hereby sentenced to probation for a term of __TWO (2) YEARS__

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substances. Revocation of supervision is mandatory for possession of illegal controlled substances. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, not to exceed 104 drug tests annually. Revocation is mandatory for refusal to comply.

- ( ) The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- (XX) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- (XX) The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ( ) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)
- ( ) The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     BRANDY M. NAFZIGER
CASE NUMBER:  3:07-CR-060-BES (RAM)

Judgment - Page 4

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapon</u> - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law.

2. <u>Warrantless Search</u> - The defendant shall submit to the search of his/her person, and any property, residence, place of business and vehicle under your control to a search, conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.  The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

3. <u>Substance Abuse Treatment</u> - The defendant shall participate in and complete a substance abuse treatment and/or cognitive based life skills program, which may include drug/alcohol testing, out-patient counseling, or residential placement, as approved and directed by the probation officer.  The defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay.

4. <u>Community Service</u> - The defendant shall complete forty (40) hours of community service, as approved and directed by the probation officer.

5. <u>Mental Health Counseling</u> - The defendant shall participate in and complete a mental health treatment program, which may include testing, evaluation, medication management, out-patient counseling or residential placement, as approved and directed by the probation officer.  The defendant shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation officer, based upon his ability to pay.

6. <u>Report to Probation Officer After Release from Custody</u> - The defendant shall report in person to the probation office in the District to which the defendant is released within 72 hours of release from custody.

7. The defendant shall have Court approval permission to continue to work with law enforcement.  SO ORDERED.

AO 245B (Rev 06/05) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

DEFENDANT: BRANDY M. NAFZIGER
CASE NUMBER: 3:07-CR-060-BES (RAM)

Judgment - Page 5

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00<br>Due and payable immediately. | $ WAIVED | $ 1,284.51 |

( ) On motion by the Government, IT IS ORDERED that the special assessment imposed by the Court is remitted.

( ) The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

( ) The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss | Restitution Ordered | Priority of Percentage |
|---|---|---|---|
| Clerk, U.S. District Court<br>Attn: Financial Officer<br>Case No.<br>333 Las Vegas Boulevard, South<br>Las Vegas, NV 89101 | | | |
| TOTALS : | $ _____ | $ 1,284.51 | |

Restitution amount ordered pursuant to plea agreement: $ 1,284.51

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

the interest requirement is waived for the: ( ) fine ( ) restitution.
the interest requirement for the: ( ) fine ( ) restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

| | |
|---|---|
| DEFENDANT:     BRANDY M. NAFZIGER | Judgment - Page  6 |
| CASE NUMBER:  3:07-CR-060-BES (RAM) | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A     (XX)     Lump sum payment of $ 1,384.51  due immediately, balance due
               (  )     not later than _____; or
               (  )     in accordance with (  ) C, (  ) D, or (  ) E below; or

B     (  )     Payment to begin immediately (may be combined with (  ) C, (  ) D, or (  ) E below; or

C     (  )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____
               _____ over a period of _____ (e.g. months or years), to _____ (e.g., 30 or 60 days) after
               the date of this judgment; or

D     (  )     Payment in _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____
               _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after release from imprisonment to a term
               is supervision; or

E              Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
               from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at
               that time; or

F     (XX)    Special instructions regarding the payment of criminal monetary penalties:
              That the defendant shall pay up to ten (10%) percent of her income towards the amount of restitution.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.


(  )    Joint and Several

        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


(  )    The defendant shall pay the cost of prosecution.

(  )    The defendant shall pay the following court cost(s):

(  )    The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.